## SEABOARD AIR LINE RY CO v PROCTER & GAMBLE CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3634. Decided April 14, 1930

Freiberg & Simmons and Frank J. Richter, Cincinnati, for Ry.

Dinsmore, Shohl & Sawyer, Cincinnati, for Procter & Gamble Co.

ROSS, J.

We cannot interfere with the finding of the trial court. There was ample evidence to sustain its conclusion. Nor do we consider that any of the things done by the purchaser amounted to a waiver or estoppel. There is no evidence that any act of the purchaser tended to place the carrier at a disadvantage, or cause the carrier to lose evidence or forego the assertion of claims which would have saved it from loss. Had such facts appeared in support of appropriate pleading, our holding upon estoppel would have been otherwise.

Sec. 102, Title 49, of the Uniform Federal Bill of Lading Act is as follows:

"Liability for nonreceipt or misdescription of goods. If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transitu or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown, for damages caused by the nonreceipt by the carrier of all or part of the goods upon or prior to the date therein shown, or their failure to correspond with the description thereof in the bill at the time of its issue." (As amended Mar. 4, 1927, c 510, Sec. 6, 44 Stat. 1450.)

The liability of the carrier is fixed by the provisions of this act. Nothing short of actual payment or evidence indicating conclusively that the purchaser had surrendered its claim against the carrier would be sufficient to bar recovery against the carrier. There is nothing in this record to indicate such an attitude on the part of the purchaser, but, on the contrary, the prompt filing of claim by the purchaser with the carrier, and its consistent prosecution of the same indicate an initial reliance upon the bills of lading and a continuing determination to hold the carrier to its liability.

CUSHING, PJ, and HAMILTON, J, concur.